UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *IN RE*: DATA POWERWORKS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SCHNEIDER ELECTRIC SE, *et al*.,<br><br>Defendants. | Case No. 26-50386<br>Honorable Brandy R. McMillion<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER GRANTING
MOTION TO QUASH SUBPOENAS TO NON-PARTIES
HARNESS, DICKEY & PIERCE, P.L.C. AND JEFFREY CHAPP
(ECF NO. 1)**

## I.  Introduction

Non-parties Harness, Dickey & Pierce, P.L.C., and Jeffrey Chapp (collectively, "movants") move to quash deposition subpoenas served by Defendants Schneider Electric SE and Schneider Electric USA, Inc. (Collectively, Schneider).  ECF No. 1.  The Honorable Brandy R. McMillion referred the motion to the undersigned for hearing and determination under 28 U.S.C. § 636(b)(1)(A). The subpoenas relate to a patent infringement action pending in the Eastern District of Texas, in which Data PowerWorks,

LLC (DPW) alleges that Schnieder infringed on four patents.  The Court concludes that oral argument is unnecessary and **GRANTS** the motion.

## II.     Background

Schneider seeks to depose movants, who formerly prosecuted three of the four asserted patents for non-party Vertiv Corporation, a prior owner of those patents.  Movants neither represent DPW in the Texas litigation, participated in Vertiv's later assignment of the patents to DPW, nor are alleged to have had any role in the underlying infringement dispute.

The revised subpoenas at issue seek testimony on broad topics, including the subject matter of all responsive documents; the preparation, filing, and prosecution of the Harness-prosecuted patents; any search or evaluation concerning patentability, validity, or enforceability; prior art known during prosecution; and communications with Vertiv and others about the patents.  ECF No. 1-2; ECF No. 1-3.  Movants argue that the subpoenas are overbroad, seek irrelevant information, and would inevitably intrude into privileged attorney-client communications and attorney work product.  The Court agrees and will quash the subpoenas.

2

## III.    Analysis

### A.

Federal Rule of Civil Procedures 45(a)(1)(B) permits a party to subpoena a witness for deposition testimony.  The scope of discovery for a subpoena under Rule 45 is the same as under Federal Rule of Civil Procedure 26(b)(1).  *State Farm Mut. Auto. Ins. Co. v. Elite Health Centers, Inc.,* 364 F. Supp. 3d 758, 767 (E.D. Mich. 2018).  Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," except that the Court must consider proportionality factors, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

A party serving a subpoena on a nonparty must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Rule 45(d)(1).  Courts must quash or modify a subpoena that would subject the nonparty to undue burden, or that would require disclosure of privileged or protected matter.  Rule 45(d)(1), (d)(3)(A)(iii) & (iv); *United States v. Tennessee Walking Horse Breeders' & Exhibitors'*

3

*Ass'n*, 727 F. App'x 119, 123 (6th Cir. 2018) ("A court must protect a non-party subject to a subpoena if it 'requires disclosure of privileged or other protected matter' or the subpoena 'subjects a person to undue burden.'") (quoting Fed. R. Civ. P. 45(d)(3)(A)(iii) and (iv)).

"When a nonparty challenges a subpoena on grounds that the request is over-burdensome, the party seeking the discovery must establish that the information sought is relevant." *Hancock v. QSC Admin LLC*, No. 2:26-MC-17, 2026 WL 1129407, at *1 (S.D. Ohio Apr. 27, 2026); *see also Ronan v. LaRose*, No. 2:26-CV-343, 2026 WL 820491, at *4 (S.D. Ohio Mar. 25, 2026). And courts must consider whether only a subset of subpoenaed discovery is relevant, such that the subpoena is overly broad, exceeding proportional discovery. *Smoot Constr. of Washington, D.C. v. Smoot Corp.*, No. 2:22-CV-1707, 2023 WL 7128680, at *1 (S.D. Ohio Oct. 30, 2023). "Courts will balance the need for the discovery against the burden imposed on the subpoena recipient, and that person's status as a nonparty is a factor weighing against disclosure." *Hancock*, 2026 WL 1129407, at *1.

## B.

Schneider fails to meet its burden of showing that movants' deposition testimony would be relevant to an existing claim or defense.

4

Trying to show relevance, Schneider mostly relies on conclusory arguments. It claims, (1) that "[m]ovants possess unique, non-privileged information regarding the prosecution of the asserted patents—including their personal and factual understanding of how they were drafted and why—that goes to the heart of Schneider's noninfringement, invalidity, and unenforceability defenses"; (2) that the "depositions are relevant to the validity of the Harness-Prosecuted Asserted Patents and Schneider's defenses, both live issues in the pending litigation"; (3) that the "testimony is relevant to Schneider's defenses in the case, including unenforceability"; and (4) that the testimony sought is "directly relevant to Schneider's defenses of noninfringement, invalidity, and unenforceability, and that cannot be obtained through other means." ECF No. 8, PageID.295-296, 300-301, 302-303.

Schneider's vague claim that movants' testimony would be relevant is unconvincing because the prosecution histories of the patents at issue are publicly available. *In re Insogna*, No. 3:19-CV-1589-LAB-AHG, 2020 WL 85487, at *9 (S.D. Cal. Jan. 3, 2020). And "[t]he prosecution histories speak for themselves, and the relevant inquiry in terms of prior art and claim construction is how one of ordinary skill in the art would interpret and understand those prosecution histories, not what the party's litigation

5

counsel thinks about them."  *Id.* (cleaned up); *see also Clark v. Walt Disney Co.*, 664 F. Supp. 2d 861, 866 (S.D. Ohio 2009) ("In determining the proper scope of the patent claim, the court initially looks to intrinsic evidence, *i.e.,* the patent itself and the prosecution history.") (citing *Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576, 1581–82 (Fed.Cir.1996)); *Jiang v. NVIDIA Corp.*, No. 26-MC-18-ABJ-MJS, 2026 WL 962496, at *6 (D.D.C. Apr. 9, 2026) (finding deposition of prosecuting attorney irrelevant because the prosecution histories speak for themselves).

Though intrinsic evidence generally controls the scope of a patent claim, Schneider seeks testimony outside the publicly available prosecution history.  It claims that the subpoenas are for depositions that "narrowly seek relevant and non-privileged information," including asking Chapp to testify about his "personal, independent understanding of the arguments and amendments he presented to the Patent Office."  ECF No. 8, PageID.303-304.  Schneider asserts that Chapp's "mental impressions concerning prosecution are relevant and discoverable," and that his "mental impressions concerning the prosecution of the patents relevant to Schneider's affirmative defense of unenforceability."  *Id.*, PageID.304-305. And Schneider claims, "Discovery has raised questions of whether Movants fulfilled their duty of candor the Patent Office, and courts routinely allow

depositions of prosecution counsel under these circumstances." *Id.*, PageID.305 (citing *Lear Corp. v. NHK Seating of Am. Inc.*, No. 2:13-CV-12937, 2020 WL 5810053, at *5 (E.D. Mich. Sept. 30, 2020); and *Spine Sols., Inc. v. Medtronic Sofamor Danek, Inc.*, No. 07-2175 JPM-DKV, 2008 WL 199709, at *3 (W.D. Tenn. Jan. 23, 2008)).

Schneider's assertion that it seeks narrowly tailored information is absurd.  Among other expansive topics, it requests testimony about "[t]he preparation, filing, and prosecution of the Harness-Prosecuted Asserted Patents, including Communications with Named Inventors, Vertiv, or Third Parties regarding same"; and "[a]ny search, investigation, evaluation, or opinion relating to the patentability, validity, or enforceability of any claim the Harness-Prosecuted Asserts Patents, including the dates of searches and Persons responsible for any searches."  ECF No. 1-2, PageID.46.  Rather than describing narrowly tailored topics, Schneider aims to depose movants about the patents with no parameters.  The overbreadth of Schneider's deposition topics shows that it did not take reasonable take reasonable steps to avoid imposing undue burden on movants, as required under Rule 45(d)(1). *Smoot Constr.*, 2023 WL 7128680, at *1.

And crucially, Schneider glosses over the question of *how* movant's mental impressions are relevant to the pleaded defenses *in this case.*  It

7

claims to seek testimony relevant to the enforceability of the patents, but under what theory?

In the opinions Schneider cites, the parties that sought depositions of prosecuting attorneys had pleaded that the patents were unenforceable because of inequitable conduct. *Lear Corp.*, 2020 WL 5810053, at *1; *Spine Sols.,* 2008 WL 199709, at *3. "'To prevail on the defense of inequitable conduct, the accused infringer must prove that the [patent] applicant misrepresented or omitted material information with the specific intent to deceive the [patent office].'" *Lear Corp*, 2020 WL 5810053, at *1 (quoting *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011) (en banc)). If an alleged infringer meets the "tough task" of proving its inequitable conduct defense, the patent is unenforceable. *Id.* "Understandably, in cases where inequitable conduct is alleged, courts are more willing to permit depositions of opposing counsel, since their intent and mental state during the patent prosecution are directly at issue." *In re Insogna,* 2020 WL 85487, at *10.

But Schneider has pleaded no inequitable conduct defense. ECF No. 1-5. When no inequitable conduct has been pleaded, courts have found that prosecuting attorneys' mental impressions are irrelevant and privileged, and have thus quashed subpoenas for their testimony. *Id.*;

8

*Jiang v. NVIDIA Corp.*, 2026 WL 962496, at \*5-\*6; *Asetek Danmark A/S v. CoolIT Sys. Inc.*, No. 19-CV-00410-EMC (LB), 2021 WL 4699170, at \*2 (N.D. Cal. Oct. 8, 2021); *Games2U, Inc. v. Game Truck Licensing, LLC*, No. MC-13-00053-PHX-GMS, 2013 WL 4046655, at \*8-\*9 (D. Ariz. Aug. 9, 2013).[1]  Without an inequitable conduct defense, a deposition of a prosecuting attorney is a fishing expedition that would repeatedly implicate the attorney-client privilege.  *Games2U,* 2013 WL 4046655, at \*8-\*9; *In re Insogna,* 2020 WL 85487, at \*10.  And a party may not take depose attorneys as part of "a fishing expedition for new claims, defenses, or surprise facts."  *Asetek*, 2021 WL 4699170, at \*2. "The key question is whether the defense is live, not whether it might someday become so." *Jiang*, 2026 WL 962496, at \*6.

In sum, the Court finds that Schneider has failed to show that deposing movants would lead to the discovery of information that is

---

[1] The courts in these opinions quashed subpoenas served on prosecuting attorneys who were not "opposing counsel" under *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). *In re Insogna,* 2020 WL 85487, at \*10; *Jiang*, 2026 WL 962496, at \*5-\*6; *Asetek Danmark*, 2021 WL 4699170, at \*2; *Games2U, Inc. v. Game Truck Licensing, LLC,* 2013 WL 4046655, at \*8-\*9.  So the Court need not address whether the *Shelton* factors apply here.

relevant to its defenses, and that Schneider failed to take reasonable steps to avoid unduly burdening movants.

## IV.    Conclusion

The Court **GRANTS** movants motion to quash deposition subpoenas. ECF No. 1.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 20, 2026

## <u>NOTICE TO PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 20, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager